IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| ADP, Inc. and ADP Commercial Leasing, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| vs. | ) ) ) |
| Barth-Peffer, Inc.; Bill Barth Ford, Inc.; and Paradise Valley Ford Lincoln Mercury, Inc., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM AND GRANTING DEFENDANTS' MOTION TO AMEND COUNTERCLAIM**

Case No. 07-cv-055

_____

Before the Court is ADP, Inc. and ADP Commercial Leasing, LLC's Motion to Dismiss the Defendants' Counterclaim, filed on October 1, 2007. The Defendants filed a response to the motion on November 19, 2007. On December 17, 2007, the Plaintiffs filed a reply to the Defendants' response. Also before the Court is the Defendants' "Motion to Amend Answer and Counterclaim," filed on December 27, 2007. The Plaintiffs filed a response in opposition to the motion on January 9, 2008. For the reasons set forth below, the Court denies the motion to dismiss the counterclaim and grants the motion to amend the counterclaim.

### I. BACKGROUND

The plaintiffs, ADP, Inc. (ADP) and ADP Commercial Leasing, LLC (ADP Leasing), provide and lease computer equipment and software, and the associated maintenance and support, to financial management and payroll services of automobile dealerships. ADP and the Defendants entered into a "Master Services Agreement" for a computer system. ADP Leasing subsequently

entered into "Master Equipment Lease Agreements" to lease the computer system to defendants Bill Barth Ford, Inc. and Paradise Valley Ford Lincoln Mercury, Inc.

The Plaintiffs contend in their complaint that the Defendants breached the "Master Services Agreement" and "Master Equipment Lease Agreements" by not paying for the computer equipment, software, maintenance, and support. See Docket No. 1-3. The Defendants contend in their counterclaim that the Plaintiffs made numerous misrepresentations to induce the Defendants to purchase the equipment, software, maintenance, and support. See Docket No. 2. The Plaintiffs have moved to dismiss the counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket No. 8. The Defendants have moved to amend the counterclaim. See Docket No. 39.

## II.     LEGAL DISCUSSION

### A.     THE PLAINTIFFS' MOTION TO DISMISS THE COUNTERCLAIM

The Plaintiffs argue that all of the claims asserted in the counterclaim are to be held to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure because they are claims of fraud. The Plaintiffs contend that the Defendants' counterclaim does not meet the heightened Rule 9(b) standard required to survive a motion for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, therefore, the Plaintiffs are entitled to a dismissal of the counterclaim.

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a counterclaim if there has been a failure to state a claim upon which relief can be granted. The standard that a district court employs when ruling on a motion to dismiss is well-established.

Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "A district court must accept the allegations contained in the [counterclaim] as true, and all reasonable inferences from the [counterclaim] must be drawn in favor of the nonmoving party." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). The purpose of a motion to dismiss "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts of the substantive merits of the [counterclaimant's] case." 5B Wright & Miller, Federal Practice and Procedure § 1356 (2004). When deciding on a motion to dismiss, the issue for the Court is not whether the counterclaimant will ultimately prevail but rather if the counterclaimant is entitled to offer evidence to support its claims. See Thomson v. Olson, 866 F. Supp. 1267, 1270 (D.N.D. 1994).

A motion to dismiss should be denied if the counterclaim is legally sufficient and if the counterclaimant can conceivably prove a set of facts to support the counterclaim that would entitle it to relief. See United States v. Dairyland Ins. Co., 485 F. Supp. 539, 542 (D.N.D. 1980) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A counterclaim should not be dismissed "merely because it does not state with precision all elements that give rise to a legal basis for recovery." Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). Further, a counterclaim "should not be dismissed merely because a [counterclaimant's] allegations do not support the particular legal theory [it] advances, for the court is under a duty to examine the [counterclaim] to determine if the allegations provide for relief on any possible theory." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case

in which . . . there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

Because a motion pursuant to Rule 12(b)(6) tests the formal sufficiency of the counterclaimant's statement of a claim for relief, as opposed to the merits of such a claim, motions pursuant to Rule 12(b)(6) are read in light of Rule 8 of the Federal Rules of Civil Procedure, which only requires that a claim for relief contain "a short and plain statement." Webb v. Lawrence County, 950 F. Supp. 960, 966 (D.S.D. 1996). It is clear under the federal rules that it is not necessary to plead every fact with formalistic particularity. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003). However, there are limited exceptions to the basic tenet that the simplified pleading standard of Rule 8 applies to all civil actions. See Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). For example, Rule 9(b) provides for greater particularity in all averments of fraud or mistake.

Rule 9(b) of the Federal Rules of Civil Procedure requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The particularity requirement of Rule 9(b) is satisfied when the counterclaim pleads "such facts as the time, place, and content of the [opposing party's] false representations, as well as the details of the [opposing party's] fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the [counterclaim] must identify the 'who, what, where, when, and how' of the alleged fraud." Id. (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)).

The Defendants allege in the counterclaim that they were induced into purchasing equipment and services based on the following misrepresentations made by the Plaintiffs' employees, Joel Lindgren and Randy Hastings:

a. In a written quotation provided on or about February 13, 2004, ADP represented to Bill Barth Ford that the cost of operating the new ADP system would be in the range of $5,700 per month.

b. ADP represented that the new system would work at least as well as Bill Barth Ford's existing system and would have numerous functions beyond the current system that would enhance the operation of Bill Barth Ford's dealership.

c. In addition . . . ADP personnel also represented that it would supply Bill Barth Ford with five technicians for a period of one week to train Bill Barth Ford employees on the new system in all five departments of the dealership.

d. ADP further represented that it would provide Bill Barth Ford employees with "hands on" training on the new system.

e. ADP also represented that the new system would get consistent attention from Lindgren and Hastings because Bill Barth Ford was located down the road from a "big dog" dealership which used ADP systems.

See Docket No. 2. The counterclaim alleges that the computer system cost nearly twice the quoted price and was plagued with problems. See Docket No. 2. Based on these allegations, the Defendants assert twelve claims for relief. See Docket No. 2.

At this stage of the litigation, the Court accepts as true the allegations made to support the Defendants' counterclaim and draws all reasonable inferences in favor of the Defendants. The Court finds that the Defendants, in satisfaction of Rule 9(b) of the Federal Rules of Civil Procedure, have stated with particularity and sufficiently identified the "who, what, where, when, and how" of the alleged fraud and misrepresentations. The Court finds no basis at this stage to grant a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. There have

been sufficient facts pled and stated with particularity to apprise the Plaintiffs of the allegations of fraud and misrepresentation.

### B.     THE DEFENDANTS' MOTION TO AMEND THE COUNTERCLAIM

The Defendants have moved to amend the counterclaim to include additional language alleging that the Plaintiffs engaged in specific acts that constituted fraud and misrepresentation. The Defendants have moved to amend the counterclaim to allege that: (1) the Plaintiffs failed to provide on-site assistance by experienced trainers as promised; (2) the Plaintiffs represented to the Defendants that local personnel would be available to provide technical support while, unbeknownst to the Defendants, simultaneously making plans to close their local offices and outsource their support services; (3) the Plaintiffs failed to deliver state-of-the-art equipment as promised; and (4) the Plaintiffs grossly underestimated the costs that the Defendants would incur when upgrading the equipment and services.

The Plaintiffs argue in their response to the motion to amend that the Defendants' proposed amendment fails to address the lack of particularity found in the counterclaim and should be denied on the grounds of futility. See Docket No. 44. The Plaintiffs also characterize the Defendants' motion as a tacit admission that the motion to dismiss is well-taken. See Docket No. 44.

Rule 15 of the Federal Rules of Civil Procedure provides in part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." It is generally left to the court's discretion whether to grant leave to amend the pleadings. See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994).

"Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)).  The likelihood of success on a new claim or defense is not a valid consideration for denying leave to amend unless the claim is clearly frivolous.  Becker, 191 F.3d at 908.

As set forth above, the Defendants' original counterclaim sufficiently satisfied the Rule 9(b) particularity requirement.  The Defendants' proposed amendment to the counterclaim describes the alleged problems in more detail and further elaborates the alleged fraud and misrepresentations made by the Plaintiffs' employees.  The Court, in its discretion, finds that there is no good reason to deny the motion to amend the counterclaim at this stage of the litigation.

### III.    CONCLUSION

For the reasons set forth above, the Court **DENIES** ADP and ADP Leasing's Motion to Dismiss the Defendant's Counterclaim (Docket No. 8) and **GRANTS** the Defendants' Motion to Amend (Docket No. 39).  The Plaintiffs' motion for a hearing (Docket No. 10) is denied as moot.

**IT IS SO ORDERED**.

Dated this 17th day of January, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court